```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE REYES,

                Plaintiff,                          FIRST      AMENDED
                                                    COMPLAINT AND JURY
                                                    DEMAND

                                                    18CV913 (RJS)
        -against-

THE CITY OF NEW YORK, Visar Marku,
Paul Rivera, Undercover Officer #84, John
Does 1-5,


                Defendants.
------------------------------------------------------------X
```

The Plaintiff, ANDRE REYES, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this First Amended Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York, against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff ANDRE REYES is a resident of New York County in the City and State of New York and of proper age to commence this lawsuit.

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under

and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and its employees.

4. Defendant Visar Marku, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Marku is sued in his individual and official capacities.

5. Defendant Paul Rivera, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rivera is sued in his individual and official capacities.

6. Defendant Undercover Officer #84, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Undercover Officer #84 is sued in his individual and official capacities.

7. At all relevant times hereinafter mentioned, defendants John Does One through Five were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

8. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

9. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Southern District of New York.

**FACTUAL ALLEGATIONS**

10. On or about November 17, 2015, at approximately 8:50 am, plaintiff was in the area of 34th Street and 8th Avenue, in the County of New York, City and State of New York.

11. Defendant officers approached plaintiff without justification or provocation and arrested plaintiff.

12. The defendants then shoved a handcuffed plaintiff into a police van.

13. On the way to a police precinct, plaintiff experienced a sharp pain in his shoulder as the van was driving erratically.

14. Once at the precinct, plaintiff asked for medical attention as his shoulder caused him a severe pain.

15. The defendants denied plaintiff's requests for medical attention.

16. After spending several hours in a cell in the precinct, Mr. Reyes was transported to Central Booking where he remained for several more hours

17. At the precinct, the Defendants falsely informed members of the New York County District Attorney's Office that they had observed Plaintiff committing various crimes.

18. The assigned prosecutor thereafter incorporated the defendants' false accusations against Plaintiff in the complaint. All charges against Plaintiff were false.

19. Plaintiff then testified before a grand jury.

20. The grand jury returned a no true bill and refused to indict plaintiff.

21. The charges against Plaintiff were dismissed and sealed.

22. As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

23. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

24. At all relevant times herein, each of the individual defendants participated directly in the assault on and arrest of plaintiff even though no probable cause existed for plaintiff's arrest.

25. The defendants attempted to cover up unjustified arrest by lying about their actions and otherwise failing to report their actions.

26. To the extent that any of the defendants did not participate personally in this misconduct, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

27. Thus, each defendant is responsible for plaintiff's false arrest, assault, and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

28. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent

each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

29. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.§ 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice,

6

procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. The acts complained of deprived plaintiff of his rights not to have excessive force imposed upon him, not to have summary punishment imposed upon him and to receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

41. As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

42. The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants misrepresented and falsified evidence before the Grand Jury.

48. Defendants did not make a complete and full statement of facts to the Grand Jury.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

51. Defendants acted with malice in initiating criminal proceedings against plaintiff.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

54. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

55. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

56. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

57. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

58. Defendants acted with intent to do harm to plaintiff without excuse or justification.

59. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983**

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendants issued legal process to place plaintiff under arrest.

62. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

63. Defendants acted with intent to do harm to plaintiff without excuse or justification.

64. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

76. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A. Not to have summary punishment imposed upon him; and

B. To receive equal protection under the law.

78. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### EIGHTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff.

81. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

82. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff manufactured false evidence.

83. The aforesaid conduct of defendants operated to deprive plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

a) Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

b) Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

84. The foregoing violations of plaintiff's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

### EIGHTH CLAIM FOR RELIEF
### DELIBERATE INDIFFERENCE TO PLAINTIFF'S
### MEDICAL NEEDS UNDER 42 U.S.C. § 1983

85. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

86. Defendants knew that plaintiff had sustained serious bodily injuries as a result of their unlawful use of force.

87. Notwithstanding this fact, defendants intentionally and deliberately delayed getting proper medical care and treatment for plaintiff.

88. Defendants also greatly exacerbated plaintiff pain and suffering by needlessly handcuffing him extremely tightly.

89. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional right.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

    (e)    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:    June 29, 2018

               Brooklyn, New York

*AMY RAMEAU*
_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:    All Defendants
           Corporation Counsel of the City of New York